985 So.2d 1241 (2008)
Fred VARN, Appellant,
v.
Michelle Rehwinkel VASILINDA, Candidate, House District 9; Freddy Moore Todd; Kurt S. Browning, in his official capacity as Secretary of State, State of Florida; Ion Sancho, in his official capacity as Supervisor of Elections, Leon County, Florida; Marty Bishop, in his official capacity as Supervisor of Elections, Jefferson County, Florida; and Shirley Knight, in her official capacity as Supervisor of Elections, Gadsden County, Florida, Appellees.
No. 1D08-3201.
District Court of Appeal of Florida, First District.
July 18, 2008.
Stephen Marc Slepin and Mallory E. Horne of Maddox Horne, PLLC, Tallahassee, for Appellant.
Ronald G. Meyer and Jennifer S. Blohm of Meyer and Brooks, P.A., Tallahassee, for Appellee Rehwinkel Vasilinda; and Harry O. Thomas of Radey Thomas Yon & Clark, P.A., Tallahassee, for Appellee Freddy Moore Todd.
BARFIELD, J.
Appellees Michelle Rehwinkel Vasilinda and Freddy Moore Todd filed separate actions, later consolidated, seeking declaratory and injunctive relief based on claims that Appellant Fred Varn, a candidate for the Florida House of Representatives, District 9, had violated section 99.012(3), Florida Statutes (2008), a provision of Florida's "resign to run" law, and seeking to have Varn's name removed from the August 2008 primary ballot. There were no disputed issues of material fact, and after a hearing on the merits of the request for declaratory judgment, the circuit court entered a Final Declaratory Judgment which found that Varn "failed to comply with F.S. § 99.012(3)(c) and (g) by not timely submitting his written resignation of his office with the Leon County School [B]oard in accordance with the requirements of those statutory provisions" and that "[t]he only legal remedy available to the Court is his removal from the August 26, 2008 primary ballot."
We have carefully considered the circuit court's order, the briefs of the parties, and the applicable law, and we conclude that the circuit court's reasoning and rulings are correct. The Final Declaratory Judgment is therefore AFFIRMED.
WEBSTER and PADOVANO, JJ., concur.