991 So.2d 432 (2008)
Thomas E. CHALIFOUX, Jr., Appellant,
v.
Neri SANCHEZ; Kurt Browning, Jr., in his official capacity as Secretary of State, State of Florida; Connie Click, in her official capacity as Supervisor of Elections, Osecola County, Florida; Gwen Chandler, in her official capacity as Supervisor of Elections, Okeechobee County, Florida; Bill Cowles, in his official capacity of Supervisor of Elections, Orange County, Florida; and Lori Edwards, in her official capacity as Supervisor of Elections, Polk County, Florida, Appellees.
No. 1D08-3967.
District Court of Appeal of Florida, First District.
September 26, 2008.
Usher L. Brown and Erin J. O'Leary of Brown, Garganese, Weiss & D'Agresta, P.A., Orlando, for Appellant.
Harry O. Thomas, Christopher B. Lunny, and Toni A. Egan of Radey, Thomas, Yon & Clark, P.A., Tallahassee, for Appellees.
BARFIELD, J.
Thomas E. Chalifoux, Jr., appeals the trial court's temporary injunction disqualifying him as a candidate for House District 79 in the republican primary and directing the supervisors of election in the affected counties to post notices at polling places and with absentee ballots that votes for Chalifoux would be disregarded (ballots had already been printed).
Chalifoux failed to meet the requirements of section 99.012(3), Florida Statutes (2007), Florida's Resign-to-Run Law. The merits of his appeal are controlled by Varn v. Vasilinda, 985 So.2d 1241, (Fla. 1st DCA 2008), and his venue contest is without merit. We affirm.
Chalifoux challenged the standing of Neri Sanchez, appellee, to bring this action contending that Sanchez, an elector as defined in section 97.021(13), was not registered as a republican, and, therefore, was not qualified to contest the candidacy in the republican primary.
*433 Section 99.012(5) places the responsibility for enforcing the Resign-to-Run Law on an elector or the Department of State without requiring either to have a party affiliation. It could have done so, if it chose to place limitations on the elector, as it did elsewhere in the election laws. See §§ 100.361, 101.021, and 102.168, Fla. Stat. (2007). Appellant argues that since appellee cannot vote in the primary under section 101.021, he is not a qualified elector under section 99.012(5). We reject appellant's argument that the court should equate enforcement of qualifying laws with voting entitlement. The courts should not write into clear and unambiguous legislation what the legislature chose not to include.
WOLF and PADOVANO, JJ., concur.